# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON MATTHEW CORBEIL**, | : | CIVIL ACTION NO. 1-13-CV-1323 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **VINCENT CAHILL, III**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 9th day of July, 2013, upon consideration of plaintiff's motion for appointment of counsel (Doc. 10), and assuming that plaintiff's claims have an arguable basis in law and fact[1], and it appearing, at this early juncture in the proceedings, from the complaint (Doc. 1), amended complaint (Doc. 9) and this motion (Doc. 10), which was accompanied by a memorandum of law (Doc. 11) and supporting declaration (Doc. 12), that he is capable of properly and forcefully prosecuting his claims, and that discovery neither implicates complex legal or factual issues nor requires factual investigation or the testimony of expert

---

[1] If the Court determines that a claim has "arguable merit in fact and law," Id. at 155, consideration of the litigant's ability to proceed pro se in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf, is then undertaken. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457–58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147at 155–57 (3d Cir. 1993).

witnesses, see Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993) (listing factors relevant to request for counsel), and it being well-established that there is no constitutional or statutory right to counsel in a civil case, Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153–43 (3d Cir.1993), and that district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915, it is hereby ORDERED that the motion (Doc. 10) is DENIED. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge